**Anna GEVORKOVA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71160.**

United States Court of Appeals, Ninth Circuit.

Submitted May 2, 2006.*

Decided May 4, 2006.

P. Joseph Sandoval, Gallagher Sandoval, PC, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Coun-

sel Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Lyle Jentzer, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LAY,** KLEINFELD, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Petitioner Anna Gevorkova, a native and citizen of Georgia, petitions for review of an order by the Board of Immigration Appeals ("BIA") affirming an immigration judge's denial of her claims for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252 and review the decision of the BIA for substantial evidence. *See Avetova–Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir.2000). We deny the petition for review.

The BIA's conclusion that Petitioner failed to establish past persecution is supported by substantial evidence. Petitioner, who is an ethnic Armenian, testified credibly that because of her ethnicity she lost her job, received threatening telephone calls, and was subjected to general anti-Armenian sentiment. Petitioner also testified that, in 1995, she was pushed down while in line for bread, that she

---

ed States Circuit Judge for the Third Circuit, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

witnessed a shooting, and that her husband, sister and nephew have experienced various forms of abuse. However, taken as a whole, these incidents of harassment and discrimination do not rise to the level of persecution. *See Avetova,* 213 F.3d at 1197 (holding that petitioner's inability to find work, incident where petitioner was pushed by police, and rape of Armenian friend did not rise to the level of persecution); *Nahrvani v. Gonzales,* 399 F.3d 1148, 1153 (9th Cir.2005) (holding that harassment, anonymous, ambiguous threats over the phone, and *de minimis* property damage do not rise to level of persecution).

Substantial evidence also supports the conclusion that Petitioner failed to establish a reasonable fear of future persecution. *See Avetova–Elisseva,* 213 F.3d at 1196 (requiring showing that petitioner's fear is both subjectively genuine and objectively reasonable). Petitioner has not shown that she would be subjected to persecution on an individualized level, nor has she established that Armenians are systematically persecuted in Georgia as a disfavored group. *Cf. Mgoian v. INS,* 184 F.3d 1029, 1035 n. 4 (9th Cir.1999) ("[T]he more serious and widespread the threat of persecution to the group, the less individualized the threat of persecution needs to be."). The Department of State's Country Report and the article by Professor Jones submitted by Petitioner do not demonstrate a recent pattern of persecution of ethnic Armenians. Of the two documents, the language most favorable to Petitioner comes from the Jones article, which notes that Armenians complain of economic and political discrimination in Georgia. AR 172. However, because this discrimination does not rise to the level of persecution,

and there is no evidence that it is likely to worsen, Petitioner has not established that her fear is objectively reasonable. Accordingly, her asylum claim fails.

Because Petitioner failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc). Similarly, Petitioner is not eligible for relief under the Convention Against Torture because she has failed to "show that it is more likely than not that ... she will be tortured, and not simply persecuted upon removal" to Georgia. *Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**